UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | |
| v. | ) | No. 3:24-CR-95-TAV-DCP |
| RODERICK OUTLAW, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Roderick Outlaw's Unopposed Motion to Continue Trial and Related Dates [Doc. 16], filed on October 18, 2024.

Defendant requests the Court continue all deadlines and the trial date [Doc. 16]. In support of his motion, Defendant states that despite his counsel's reasonable diligence, the case is not ready for hearing [*Id.* ¶ 1]. His counsel needs additional time to meet with him regarding discovery and the options in this case [*Id.*]. Defendant understands that the period of time between the filing of this motion for a continuance and a rescheduled trial date shall be fully excludable for speedy trial purposes [*Id.* ¶ 3]. Finally, Defendant's motion reflects that counsel for the Government does not oppose the requested continuance [*Id.* ¶ 4].

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would

both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Defense counsel needs more time to time to review, discuss, and evaluate discovery with Defendant as well as discuss the options for resolving this matter. The Court finds that all of this cannot occur before the November 19, 2024 trial date.

The Court therefore **GRANTS** Defendant Roderick Outlaw's Unopposed Motion to Continue Trial and Related Dates [**Doc. 16**]. The trial of this case is reset to **February 11, 2025**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on October 18, 2024, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Roderick Outlaw's Unopposed Motion to Continue Trial and Related Dates [**Doc. 16**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **February 11, 2025, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **October 18, 2024** and the new trial date of **February 11, 2025**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing pretrial motions is extended to **November 22, 2024**, and responses to motions are due on or before **December 6, 2024**;

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **January 13, 2025**;

(6) the deadline for filing motions *in limine* is **January 27, 2025**;

2

(7) the parties are to appear before the undersigned for a final pretrial conference on **January 28, 2025, at 2:30 p.m.**; and

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **January 31, 2025**.

**IT IS SO ORDERED.**

ENTER:

_Debra C. Poplin_
Debra C. Poplin
United States Magistrate Judge