IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) |
| v. | ) No. 3:24-CR-95-TAV-DCP |
| RODERICK OUTLAW, | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM AND ORDER**

This case is before the undersigned on Defendant Roderick Outlaw's pro se Motion for Dismissal of Counsel and Appoint Replacement Counsel [Doc. 20],[1] filed on February 18, 2025, and the Motion to Review Attorney/Client Relationship [Doc. 22], filed by Federal Defender Jonathan Moffatt ("Attorney Moffatt") on February 20, 2025. The parties appeared before the Court for a hearing on the motion on March 11, 2025. Assistant United States Attorney Caroline Poore appeared on behalf of the Government. Attorney Moffatt appeared on behalf of Defendant, who was also present. CJA Panel Attorney Jamie Poston Hughes ("Attorney Hughes") was also present at the Court's request.

In his pro se filing, Defendant alleges a "seriously fatal conflict of interest" that has resulted in a breakdown in communication and trust [Doc. 20 p. 2]. Attorney Moffatt states that he has met with Defendant and discussed the lack of trust and communication issues expressed by Defendant, but Defendant continues to request new counsel, and Attorney Moffat believes the that the attorney-client relationship is irretrievably broken [Doc. 22 p. 1].

---

[1] The case number on Defendant's pro se filing is incorrectly noted as 3:24-CR-45.

At the hearing, Attorney Moffatt stated that he has met twice with Defendant since the filing of the motion but there continues to be a large difference of opinion as to strategy, application of law to facts, and others matters that are hindering effective communications between them. AUSA Poore stated that the Government had no position on the motion.

The Court then conducted a sealed, *ex parte* portion of the hearing to learn more about the nature and extent of the problems with the attorney-client relationship. Without going into the confidential nature of that discussion, the Court notes that both Attorney Moffatt and Defendant responded to the Court's inquiries as reasonably necessary to satisfy the Court that there are sufficient grounds to warrant substitution of counsel based on a strained attorney-client relationship, suffering from a breakdown of communication and trust that has significantly impaired Attorney Moffatt's ability to continue to defend Defendant Outlaw and to render effective assistance of counsel. Accordingly, the Court finds that good cause exists to grant Attorney Moffatt's request to withdraw and to substitute counsel. *See United States v. Sullivan*, 431 F.3d 976, 979–80 (6th Cir. 2005) (requiring a defendant to show good cause for substitution of counsel (citations omitted)).

Based upon good cause shown, the Motion to Review Attorney/Client Relationship [Doc. 22] is **GRANTED**. Attorney Moffatt and FDSET are relieved as counsel of record for Defendant Outlaw and Attorney Moffatt is **DIRECTED** to provide new counsel with discovery and the information from Defendant's file. The Court recognizes the need for Defendant to be represented continuously by counsel. Attorney Hughes was present at the hearing and agreed to accept representation of Defendant. The Court **SUBSTITUTES** and **APPOINTS** Attorney Hughes under the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A, as counsel of record for Defendant.

Defendant is encouraged to make every effort to work with Attorney Hughes through the remainder of his case.

As for Defendant's pro se Motion for Dismissal of Counsel and Appoint Replacement Counsel [Doc. 20], Attorney Moffatt's filing of the Motion to Review Attorney/Client Relationship [Doc. 22] moots the motion.[2]

Accordingly, it is **ORDERED**:

(1) The Motion to Review Attorney/Client Relationship [**Doc. 22**] is **GRANTED**;

(2) Attorney Moffatt and FDSET are **RELIEVED** of further representation of Defendant, and Attorney Moffatt is **DIRECTED** to provide new counsel with the discovery and information from Defendant's file;

(3) Attorney Hughes is **SUBSTITUTED** and **APPOINTED** as Defendant's counsel of record under the CJA; and

(4) Defendant's pro se Motion for Dismissal of Counsel and Appoint Replacement Counsel **[Doc. 20]** is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge

---

[2] The Court notes that the Local Rules of this Court prohibit a defendant from filing motions in his or her own behalf, when represented by counsel. *See* E.D. Tenn. L.R. 83.4(c).