UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | |
| v. | ) | No. 3:24-CR-95-TAV-DCP |
| RODERICK OUTLAW, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on the Defendant Roderick Outlaw's Unopposed Motion to Continue Trial Date and Plea Deadline [Doc. 25], filed on May 6, 2025.

Defendant asks the Court to continue the June 10, 2025 trial date and other related deadlines [Doc. 25]. In support of his motion, Defendant states that defense counsel was appointed on March 11, 2025, and needs time to review discovery and discuss potential defenses and problems of the case with him [*Id.* ¶¶ 1–2]. He asserts that the Government does not oppose a continuance [*Id.* ¶ 3]. Defense counsel confirmed with Chambers via email that Defendant is aware of his speedy trial rights and agrees to a continuance.

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time

necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Defense counsel needs more time to review discovery, confer with Defendant to assess potential defenses and problems in the case, and otherwise prepare for trial. The Court finds that all of this cannot occur before the June 10, 2025 trial date.

The Court therefore **GRANTS** Defendant Roderick Outlaw's Unopposed Motion to Continue Trial Date and Plea Deadline [**Doc. 25**]. The trial of this case is reset to **August 26, 2025**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on May 6, 2025, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Roderick Outlaw's Unopposed Motion to Continue Trial Date and Plea Deadline [**Doc. 25**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **August 26, 2025, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **May 6, 2025**, and the new trial date of **August 26, 2025**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **July 28, 2025**;

(5) the deadline for filing motions *in limine* is **August 11, 2025**, and responses to motions *in limine* are due on or before **August 19, 2025**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **August 12, 2025, at 10:30 a.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **August 15, 2025**.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge